**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5219**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES TILGHMAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (8:03-cr-00073-PJM)

---

Submitted: July 25, 2007          Decided:  August 3, 2007

---

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Steven G. Berry, Rockville, Maryland, for Appellant.  Emily Noel Glatfelter, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Tilghman pled guilty to one count of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2007). The district court originally sentenced him to an eighty-seven-month term of imprisonment to be followed by three years of supervised release and ordered him to pay $1,076,797.63 in restitution. We granted the parties' joint motion to remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Tilghman, No. 04-4495 (4th Cir. Nov. 18, 2005) (unpublished order). On remand, the district court adopted the parties' recommendation to reduce the offense level by one level as a result of Tilghman's cooperation, which resulted in an advisory guideline range of seventy-eight to ninety-seven months. The district court sentenced Tilghman to seventy-eight months and reimposed the remainder of the original judgment.* Tilghman appeals the sentence imposed on remand.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that Tilghman's sentence is unreasonable and that counsel provided ineffective assistance during the resentencing proceedings. Counsel states, however, that there are no meritorious issues for appeal. Tilghman

---

*The district court noted that Tilghman already had paid the $100 special assessment.

was advised of his right to file a pro se supplemental brief, but he did not file one. Finding no reversible error, we affirm.

Counsel suggests that Tilghman's sentence is unreasonable. After <u>Booker</u>, a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This Court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006); <u>see</u> <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462-69 (2007).

Here, on remand, the district court appropriately treated the guidelines as advisory and sentenced Tilghman after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>. Tilghman's seventy-eight-month prison term is the bottom of the guideline range and is well below the twenty-year statutory maximum. <u>See</u> 18 U.S.C.A. § 1343. Finally, neither Tilghman nor the record suggests any information so compelling that

it rebuts the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore find that the sentence is eminently reasonable.

Tilghman also asserts on appeal that counsel provided ineffective assistance by negotiating a lower sentence on remand. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006). Because counsel's ineffectiveness does not conclusively appear from the record, we decline to review Tilghman's ineffective assistance claim on direct appeal.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the amended judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED